**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Lindsey, *et al.*, | No. CV-17-04596-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Punta Vista Bahia SA, *et al.*, | |
| Defendants. | |

At issue are Plaintiffs' Motion to Confirm Arbitral Award (Doc. 2, MTC), to which Defendants filed a Response (Doc. 29, Resp. to MTC) and Plaintiffs filed a Reply (Doc. 30, Reply to MTC); and Defendants' Motion to Dismiss (Doc. 28, MTD), to which Plaintiffs filed a Response (Doc. 31, Resp. to MTD), and Defendants filed a Reply (Doc. 37, Reply to MTD). In this Order, the Court will also resolve Plaintiffs' Motion to Amend (Doc. 38). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court will deny Plaintiffs' Motion to Confirm Arbitral Award and grant Defendants' Motion to Dismiss.

**I.   Factual Background**

This case arises out of a real estate sale in Costa Rica. According to the Complaint, on or about November 11, 1993, Defendant Punta Vista Bahia, S.A. ("PVBSA") signed a concession contract to develop the Monarch Resort in Playa Panama, Guanacaste, Costa Rica. (Doc. 1, Compl. ¶ 31.) PVBSA advertised the resort as a four-star condo-hotel with amenities for hotel guests and condo owners alike. Each of

the 14 individual Plaintiffs, by way of 15 entity Plaintiffs, entered into a Purchase Option Agreement with PVBSA for one or more condos between February 2003 and October 2006. (Compl. ¶ 45.)

The Purchase Option Agreements, all of which are identical in substance, stated that each owner could occupy his/her condo for 30% of the year; the remaining 70% had to be available for rent to hotel guests. Condo owners were to receive a portion of the rental income generated by hotel guests. The Agreements mandated that the Arbitration Court of the Center of Conciliation and Arbitration of the Chamber of Commerce of Costa Rica would settle any disputes between the parties. (Compl. ¶ 135.)

By early 2009, three years after it opened, the Monarch Resort began to fall into disrepair. The condo walls were water damaged, moldy, and falling apart, and neither the resort grounds nor the pool were maintained. Around October 2010, Defendant John Michael Fitzgerald, an Arizona resident, asserted his ownership of PVBSA. (Compl. ¶¶ 19, 21, 77.) Plaintiffs claim they have been denied access to their condos since 2012 and are not receiving any part of the rental income. (Compl. ¶¶ 115, 122.) Defendants began operating the resort exclusively as a hotel under the name Vista Bahia Beach Resort in March 2017, and Plaintiffs still do not have access to their condos. (Compl. ¶¶ 113-14.)

Pursuant to the Agreements, Plaintiffs filed for arbitration of a number of claims against Defendants in the designated Arbitration Court on or about October 10, 2012. (Compl. ¶ 141.) The arbitration panel found in favor of Plaintiffs on August 29, 2013. (Compl. ¶ 147.) Defendants then appealed the arbitration award, and the Costa Rica Supreme Court set aside the award on December 3, 2015. (MTD at 5.)

In their Complaint, filed December 12, 2017, Plaintiffs allege that Defendants violated the Federal Arbitration Act, 9 U.S.C. §§ 201-208 ("FAA"), by failing to pay the arbitration award to Plaintiffs. (Doc. 1, Compl. ¶¶ 134-55.) Plaintiffs also allege eight state law claims, including breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, violations of the Arizona Consumer Fraud Act,

common law fraud, negligent misrepresentation, breach of fiduciary duties, and negligence. (Compl. ¶¶ 156-246.) Along with their Complaint, Plaintiffs filed a Motion to Confirm Arbitral Award. (Doc. 2.) Defendants have now filed a Motion to Dismiss, arguing that the Court lacks jurisdiction over Plaintiffs' FAA claim and should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, which in any event Plaintiffs are obligated to arbitrate under the parties' arbitration agreement.

**II.     Legal Standards**

Defendants move to dismiss Plaintiffs' claims under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**A.     Lack of Subject Matter Jurisdiction**

Under Rule 12(b)(1), "[a] motion to dismiss for lack of subject matter jurisdiction . . . may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

**B.     Failure to State a Claim for Relief**

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### C. The Federal Arbitration Act

The FAA governs an arbitration agreement between United States citizens, including when the agreement involves "property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202. If an arbitration agreement results in an award granted abroad, citizens may file a motion to confirm the award in a United States court. *Id.* § 207. Parties must file motions to confirm within three years after the award is made. *Id.* An award is made under the FAA when arbitrators issue a decision, not when a foreign court reviews an arbitration board decision. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (finding that the court could grant a motion to confirm arbitral award because it was filed within three years of the plaintiffs receiving an award from a foreign arbitration board); *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 581 (2d Cir. 1993).

## III. Analysis

### A. FAA Statute of Limitations

In Count 1 of the Complaint, Plaintiffs claim that under the FAA, they are entitled to confirmation of the arbitration award. (Compl. ¶¶ 134-55.) As such, they have also filed a Motion to Confirm Arbitral Award. (Doc. 2.) Defendants have now moved to dismiss Count 1 because it is time-barred, since it was filed after the three-year

4

limitations period specified in § 207 ran. Plaintiffs do not dispute that they did not file this lawsuit or the Motion to Confirm Arbitral Award until over four years after the arbitrators issued the decision. Thus, the statute of limitations period set forth in § 207 has run in this case.

But, citing *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1157 (9th Cir. 2016), Plaintiffs contend that the statute of limitations period for their FAA claim should be equitably tolled. (Reply to MTC 9.) *Move* provides that a court may find that a statute of limitations is eligible for equitable tolling except when the limitation is "set forth in unusually emphatic form, is unusually generous, or uses highly detailed and technical language" or "the statute reiterat[es] the limitations period several times in several different ways." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 646-47 (2010)). When a statute is eligible for equitable tolling, courts must then determine whether a litigant is entitled to the application of equitable tolling. To find entitlement, courts generally require that a litigant demonstrate (1) that the litigant diligently pursued his or her rights and (2) that "extraordinary circumstances were the cause of [his or her] untimeliness and . . . made it impossible to file [a document] on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *see also Irwin v. Dept. of Veteran Aff.*, 498 U.S. 89, 96 (1990) ("[E]quitable tolling does not extend to excusable neglect."). Courts also consider whether equitable tolling furthers the interests of justice and does not prejudice the defendant. *E.g.*, *Move*, 840 F.3d at 1158.

Although Plaintiffs show that the FAA's limitations period is eligible for equitable tolling pursuant to *Move*, Plaintiffs fail to demonstrate the extraordinary circumstances required for entitlement to equitable tolling. The cases Plaintiffs cite indicate the type of circumstances required for equitable tolling to apply. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (holding that the effects a plaintiff felt from the "repeated sexual abuse, rape, and assault she experienced left her severely impaired and unable to function in many respects," so the plaintiff was entitled to the application of equitable tolling); *BCB Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233, 245 (D.D.C. 2015) (holding

5

that facing criminal penalties for attempting to enforce arbitral award constitutes an extraordinary circumstance that entitled the plaintiff to the application of equitable tolling); *Everplay Installation, Inc. v. Guindon*, 2009 WL 4693884, at *6 (D. Colo. Dec. 2, 2009) (holding that a plaintiff may be entitled to the application of equitable tolling where a defendant concealed information about the defendant's location, preventing the plaintiff from bringing the claim).

Here, Plaintiffs contend without citation to an analogous case that Defendants' appeal of the arbitration award to the Costa Rica Supreme Court coupled with the fact that Plaintiffs did not retain U.S. legal counsel until they brought this lawsuit are extraordinary circumstances entitling them to equitable tolling. (Reply to MTC at 10.) These do rise to the level of the extraordinary circumstances required; they are instead more akin to the garden variety neglect noted in *Irwin*. Plaintiffs have not demonstrated a circumstance preventing them from timely filing an action and Motion to Confirm Arbitral Award in a United States District Court. By contrast, in *Move*—the case Plaintiffs cite—the arbitration board falsely stated that one of its arbitrators was an attorney, and the plaintiff relied on that information to believe that he had no basis to vacate the award until four years had passed, when he discovered the deceit. 840 F.3d at 1155.

Plaintiffs were free to file their Motion to Confirm Arbitral Award in a United States District Court as soon as the foreign award was entered in 2013, and their failure to retain U.S. counsel until 2017 does not begin to constitute an extraordinary circumstance. In addition, Plaintiffs knowingly defended the appeal to the Costa Rica Supreme Court and knew that Court could reverse their award.[1] (Reply to MTC at 10.) Plaintiffs have not identified any extraordinary circumstances that made it impossible for them to timely move to confirm the award in the United States under the FAA.

---

[1] Plaintiffs could even have brought an FAA claim within the limitations period when the Costa Rica Supreme Court reversed the arbitration award, making the same arguments they do here for this Court to disregard that Court's decision.

The Court also finds that equitable tolling is not required to advance the interests of justice in this case. In the wake of the Costa Rica Supreme Court's vacatur of the arbitration award, Defendants have agreed to arbitrate Plaintiffs' claims properly and indeed have moved this Court to compel arbitration of Plaintiffs' state law claims. (MTD at 9-10.) Plaintiffs are thus not left without a remedy. In sum, the Court declines to equitably toll the three-year statute of limitations period in 9 U.S.C. § 207. Therefore, the Court must dismiss Count 1 of Plaintiffs' Complaint and deny Plaintiffs' Motion to Confirm Arbitral Award (Doc. 2).[2]

### B. Supplemental Jurisdiction Over State Law Claims

The basis for the Court's subject matter jurisdiction in this case is the federal question presented in Count 1. (Compl. ¶ 22.) In the absence of that claim, the parties disagree as to whether the Court should still exercise supplemental jurisdiction over the remaining state law claims. (MTD at 9; Resp. to MTD at 5.) Because the Court no longer has federal question jurisdiction, and otherwise lacks diversity jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). In other words, unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to

---

[2] Because Plaintiffs' FAA claim is time-barred, the Court need not decide whether the Costa Rica Supreme Court decision to set aside the arbitration award was so repugnant to public policy that this Court should disregard that Court's decision. (*See, e.g.*, MTD at 6-8; Reply to MTC at 2-8.)

7

exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Considering these factors, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. First, judicial economy weighs against exercising supplemental jurisdiction. This case is in the initial stages of litigation, so it will not be burdensome on the parties or another court if the parties refile this matter. Second, the only claims left in this case can be decided based solely on state law. *See Cohill*, 484 U.S. at 350 (explaining that when federal law claims are dismissed in the beginning stages of litigation, courts have good reason to decline to exercise jurisdiction). Finally, notions of convenience and fairness weigh against exercising supplemental jurisdiction. Continuing this case in state court or before arbitrators will result in neither unreasonable delay nor unreasonable inconvenience to the parties. Because the above factors weigh against exercising supplemental jurisdiction in this case, this Court declines to do so. *See Gibbs*, 383 U.S. at 726.

### C. Other Motions

Because the Court will dismiss this matter for lack of subject matter jurisdiction, it will deny Plaintiffs' Motion to Amend (Doc. 38) as moot.

Without any argument in support, Defendants also ask the Court to award them attorneys' fees under A.R.S. §§ 12-341.01 and 349, Fed. R. Civ. P. 11, and 28 U.S.C. § 1927 (MTD at 11.) The Court declines to award Defendants their attorneys' fees under the legal authority cited.

## IV. Conclusions

Plaintiffs' FAA claim is time barred, and Plaintiffs have failed to demonstrate the extraordinary circumstances required to entitle them to equitable tolling of the applicable statute of limitations period. In the absence of a federal question, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

IT IS THEREFORE ORDERED denying Plaintiffs' Motion to Confirm Arbitral Award (Doc. 2).

IT IS FURTHER ORDERED granting in part and denying in part Defendants' Motion to Dismiss (Doc. 28). Count 1 is dismissed with prejudice, and Counts 2-9 are dismissed without prejudice, but Defendants' request for attorneys' fees is denied.

IT IS FURTHER ORDERED denying as moot Plaintiffs' Motion to Amend (Doc. 38).

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 15th day of June, 2018.

Honorable John J. Tuchi
United States District Judge